IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID GEREAL ELLERBY, #42755-037 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-13-2116 |
| IDUS DANIEL | * | |
| TERRY HOPKINS | | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

On July 22, 2013, David G. Ellerby ("Ellerby"), a federal inmate housed at the United States Penitentiary at Lewisburg, Pennsylvania, filed a civil rights complaint naming as defendants his court appointed attorney and a private investigator assigned in *United States v. Ellerby*, Criminal No. CCB-07-64 (D. Md.). ECF No. 2. Ellerby claims that he was told to pay the investigator $1,000.00 to interview a witness for information to be used in the preparation of a motion for new trial. He asserts that counsel had his family pay the investigator, but the new information was never raised. Ellerby further contends that the court had already paid the investigator under 18 U.S.C. § 3006(A)(e)(3). He claims that his attorney "was deceptively tricked by this investigator to fraudulently steal money from defendant [for] services never rendered." Ellerby seeks reimbursement of the $1,000.00. *Id*.

In an attachment to the complaint, Ellerby also raises claims of ineffective assistance of counsel, claiming that his attorney failed to (1) call a witness who would have provided impeachment testimony as to a government witness and (2) investigate correspondence going to the credibility of that same government witness. ECF No. 2 at attachments pgs. 1-4. Ellerby additionally contends that counsel failed to produce the affidavit of a witness which would have

contradicted the statements of the government regarding the well-being of a government cooperator and would have tested the credibility of the government's witness. ECF No. 2 at attachments pgs. 4-5. Because he appears indigent, Ellerby's motion for leave to proceed in forma pauperis (ECF No. 1) will be granted. His complaint will, however, be dismissed without attempting service on defendants.

First, Ellerby seemingly claims that 18 U.S.C. § 3006A was violated by his attorney and the private investigator. There is no demonstration, however, how such an alleged violation of the statute gives rise to a private cause of action enforceable by Ellerby. The allegations reflect that Ellerby's family members made the payments to the investigator. Therefore, Ellerby has no standing to seek recovery of such payments.[1]

Second, to the extent that Ellerby is raising ineffective assistance of counsel claims, he may not do so here. In *Heck v. Humphrey*, 512 U.S. 477 (1994), a civil rights claimant cannot recover damages for alleged unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless he first proves that the conviction or sentence has been reversed on direct appeal, or called into question by a federal court's issuance of a motion to vacate filed pursuant to 28 U.S.C. § 2255. *See Heck*, 512 U.S. at 486-7.

Here, Ellerby's self-represented ineffective assistance of counsel claims directly relate to the constitutionality of his federal convictions and success in this civil rights action would vitiate the

---

[1] Ellerby has previously filed a motion seeking reimbursement of the monies in *United States v. Ellerby*, Criminal No. CCB-07-64 (D. Md.) at ECF No. 195.

legality of those convictions.  Thus, his civil rights claim may not proceed at this time under *Heck*.[2]

A separate order follows.


Date:  July 29, 2013.

$\hspace{4in}$ /s/
$\hspace{4in}$ Catherine C. Blake
$\hspace{4in}$ United States District Judge

---

[2]    The court observes that Ellerby has filed a § 2255 motion, which remains pending before the court.